IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 14-cv-03368-LTB-KLM

THOMAS REPPERT,

Plaintiff,
v.

BLAZIN WINGS, INC. D/B/A BUFFALO WILD WINGS GRILL & BAR,

Defendant.

## PARTIES STIPULATED PROTECTIVE ORDER

Parties, through the undersigned counsel of record, hereby agree to enter into this Protective Order - Confidentiality Agreement ("Agreement") between Thomas Reppert and his attorneys, McDivitt Law Firm, P.C, (hereinafter "Plaintiffs") and Blazin Wings, Inc. and Hall & Evans, LLC, (hereinafter "Defendants").

The parties agree to furnish each other with the videos relating to the incident in the above referenced matter, pending in the District Court of Colorado ("The Litigation"), pursuant to the following terms and conditions:

1. **Certain Definitions.** "Confidential Information" means any videos provided by a party, whether before, on or after the date of this Agreement, and limited to the videos of the date of the incident, and designated by the producing party as "Confidential". However, that "Confidential Information" will not include any information that (i) is at the time it is provided, or thereafter becomes, a part of the public domain other than through the act or omission of a party; (ii) is lawfully in the possession of a party prior to its being provided; (iii) is lawfully disclosed to a party by a third party that does not have an obligation of confidentiality; or (iv) is independently developed by a party. Should a party disagree with the designation of materials as Confidential, and should the parties not be able to resolve a dispute about the designation, the matter shall be submitted to the court, with the information designated confidential provided to the Court under seal pending the court's ruling.

2. **Use.** The Confidential Information will be used solely for the purposes of The Litigation: (i) the Confidential Information may be disclosed to any of the parties' agents and advisors (hereinafter referred to as "Authorized Recipients") who need to know such information for the sole purpose of The Litigation, it being understood that each such Authorized Recipient shall be informed by the party of the confidential nature of such information and directed by them to treat such information confidentially, and the party shall be responsible for any breach of this Agreement by any such Authorized Recipient; (ii) any disclosure of the Confidential Information may be made to a person other than an



Authorized Recipient with the producing party's written consent; and (iii) any disclosure of the Confidential Information may be made as required by law or regulatory authority after compliance with Section 5.

3. **Filing with Court in Accordance With D.C.Colo.LCivR 7.2.** If any "Confidential Information" is filed with this Court, including any pleading incorporating "Confidential Information," the portion of such filing containing "Confidential Information" shall be filed in a sealed envelope on which the following legend shall prominently appear:

> Thomas Reppert v. Blazin' Wings, Inc. d/b/a Buffalo Wild Wings Grill & Bar
> U.S. District Court for the District of Colorado
> Civil Action No. 14-cv-03368-LTB-KLM
>
> **CONFIDENTIAL - This envelope contains documents or other material filed by the parties in this matter. It shall not be opened nor the contents thereof displayed or revealed except by the Order of this Court.**

Such filing shall be made in accordance with the provisions of D.C.Colo.LCivR 7.2. The filing party shall identify the confidential business, financial, proprietary, and/or commercially sensitive interests of the party or non-parties sought to be protected and request that the Court restrict public access to Confidential Information to "Level 1 Access" (limited to the parties and the Court) pursuant to D.C.Colo.LCivR 7.2 B.5.

4. **Return.** Confidential Information and all copies thereof, including copies forwarded to experts related to the litigation, will be either returned or destroyed, and the receiving parties shall not retain any copies thereof, within ten days upon any request for destruction following conclusion of The Litigation. Any analyses, compilations, studies or other documents prepared by a party, in whole or in part on the basis of Confidential Information will be destroyed. Such destruction will be certified by all parties in writing at any party's request.

5. **Covenant regarding [to] Non-Disclosure.** All parties will undertake all necessary and appropriate steps [to] ensure that the confidentiality and secrecy of the Confidential Information is maintained. *[KLM]*

6. **Legal Process.** In the event that a party or anyone to whom that party transmits Confidential Information pursuant to this Agreement becomes legally compelled to disclose all or any portion of the Confidential Information, that party will provide the producing party with prompt notice thereof, so that a protective order or other appropriate remedy may be sought. In the event that such protective order or other remedy is not obtained, a party will furnish only that portion of the Confidential Information that is legally required and that party will exercise its best efforts to obtain reliable assurance that confidential treatment will be afforded such portion of the Confidential Information.

2

*[handwritten: All motions for protective orders relating to confidential information shall be made pursuant to MJ Mix's discovery procedures.]*

7.   **Equitable Remedies.** In view of the difficulties of placing a monetary value on the information comprising or contained in the Confidential Information, in the event of any breach or threatened breach hereof, a party shall, in addition to any other remedies which may be available under the law, be entitled to injunctive and other equitable relief in any court or competent jurisdiction.

8.   **No Warranties.** No party, nor its directors, officers, employees, agents or advisors, makes any representation as to the accuracy or completeness of the Confidential Information. No party or its directors, officers, employees, agents or advisors shall have any liability resulting from the use of or reliance upon its Confidential Information by any other person. The delivery of Confidential Information shall not constitute an offer or result in any obligations or liabilities on behalf of that party.

9.   **No Other Obligations.** Except for or with respect to the matters specifically agreed to in this Agreement which are expressly stated to be binding on the parties, or matters otherwise required by Colorado law, the parties to this Agreement shall be under no other legal obligation of any kind whatsoever to each other.

10.   **Term.** Each of the parties and their respective Authorized Recipients will continue to be bound by the terms of this Agreement for a period of three (3) years from the date hereof, or until The Litigation has come to a conclusion whether by settlement or verdict, whichever is later, notwithstanding the return or destruction of the Information.

11.   **Notice.** A party hereto may, by a signed writing, give any consent or waive any compliance by any other party with any of the provisions of this Agreement. All notices hereunder shall be personally delivered to or mailed by registered or certified mail to the parties at the following addresses: to their counsel of record.

12.   **Miscellaneous.** The Agreement contains the final, complete and exclusive agreement and understanding of the parties with respect to the subject matter hereof and supersedes the parties' prior and contemporaneous written or oral discussions and agreements. No modifications of this Agreement shall be valid or binding unless reduced to writing and duly executed by both parties. No party may assign all or any portion of this Agreement or any rights or obligations hereunder without the prior written consent of the other parties and any such attempted assignment shall be void. This Agreement shall be binding upon the parties and their successors and permitted assigns. This Agreement shall be governed and interpreted by the laws of the State of ~~Minnesota~~ Colorado, without giving effect to its conflicts of law rules. Failure of any party to enforce any provision of this Agreement will not constitute or be construed as a waiver of such provision or of the right to enforce such provision.

The undersigned, counsel for each party, hereby stipulate and agree to the Confidentiality Agreement above.

3

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed as of the date written.

Dated: 2/12/15

_____
Steven R. Helling, Esq.,
David E. McDivitt, Esq.
MCDIVITT LAW FIRM, P.C.
19 East Cimarron Street
Colorado Springs, CO 80903

**ATTORNEYS FOR PLAINTIFF**

Dated: 2/12/15

_____
Cash K. Parker
Hall & Evans, LLC
1001 Seventeenth Street, Suite 300
Denver, CO 80202-2037
Phone Number: 303-628-3300

**ATTORNEYS FOR DEFENDANT**

SO ORDERED this 19TH day of February, 2015.

BY THE COURT:

_____
U.S. Magistrate Judge Kristen L. Mix

4